# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                 Case No. 8:19-cr-232-T-33SPF

**GEOVANNY TOMALA-ASCENCIO**
_____/

## SENTENCING MEMORANDUM

Now Comes Defendant, Geovanny Tomala-Ascencio, and requests a sentence of 57-71 months' imprisonment.

### BACKGROUND

Mr. Tomala-Ascencio is a poor fisherman from Ecuador. He lived with his parents in a loving home, but the family could only afford one meal per day. He was educated only to the equivalent of the sixth grade, and then dropped out of school because of a lack of resources in the home. The family could barely afford basic necessities. In adulthood, he found himself the primary breadwinner for his extended family. His father died in 2017, and so he supported his mother, his younger brother, his de facto wife, and his daughter, Zuri, age two. He found himself unable to meet the needs of his family, and accepted a job

transporting cocaine on a boat for a drug trafficking organization. (PSR ¶ 17). He apologizes for this offense. (*Id.*).

At the sentencing hearing, Mr. Tomala-Ascencio anticipates eliciting evidence that he was paid a particular sum for the venture, and recruited by a particular person. Evidence will identify another man, who gave him a downpayment and instructed him on the plan for the venture. This man, along with his cousin, acted as a sort of operations arm of the drug trafficking organization for the shipment of cocaine at issue. These cousins planned the trip, provided refueling vessels along the way, and provided coordinates for the vessel's course. The evidence will also identify the owner of one-half of the cocaine, who provided the cocaine and the vessel to the crew, and provided initial instructions and coordinates for their course. The evidence will also identify the owner of the other half of the cocaine.

## ARGUMENT

This Court should apply a downward adjustment to the Guidelines calculation because of Mr. Tomala-Ascencio's minor role in the offense. Then, this Court should impose a Guidelines sentence to

reflect the nature of the offense and Mr. Tomala-Ascencio's history and characteristics. Anticipating that the Court grants the Government's downward departure motion, Mr. Tomala-Ascencio's Guidelines range should therefore be 57-71 months' imprisonment.

A. <u>A downward adjustment for Mr. Tomala-Ascencio's role in the offense is warranted.</u>

The Guidelines permit a two-level downward adjustment for a defendant who is a minor participant in the criminal activity. U.S.S.G. § 3B1.2(b). The adjustment applies to those defendants who play a role in the criminal activity that makes them "substantially less culpable than the average participant," and applies to those who are only accountable for conduct in which they were personally involved, such as a drug mule "whose participation in [the] offense was limited to transporting or storing drugs . . . ." U.S.S.G. § 3B1.2 cmt. n.3(A). The court must, first, consider the defendant's role in relation to the relevant conduct for which he is being held accountable. *United States v. Rodriguez de Varon*, 175 F.3d 930, 940-41 (11th Cir. 1999). Next, the court may consider the defendant's role as compared to other participants in the relevant conduct. *Id.* at 944. In doing so, the court

may consider only those participants who are "identifiable or discernible from the evidence," and only those participants who were involved in the relevant conduct. *Id.* That is, the defendant may not merely point to speculative participants in a broader conspiracy outside of the relevant conduct. *See id.*

The determination is fact-sensitive and made on the basis of the totality of the circumstances, considering five non-exhaustive factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks

4

> should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under the guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2 cmt. n.3(C). No single factor, such as the weight of the drugs, is determinative. *United States v. Cruickshank*, 837 F.3d 1182, 1194-95 (11th Cir. 2016).

Each of these factors favors a minor role adjustment for Mr. Tomala-Ascencio. He understood nothing about the structure or scope of the criminal activity. He was simply to take drugs from Ecuador to a point in the ocean. He had nothing to do with planning and had no decision-making authority. His activity was limited to operating the motors on the boat, and he exercised no discretion in that task, driving the boat in the direction provided by the drugs' owners. He had no proprietary interest in the drugs, and was paid a pittance in comparison to the market value of such a large amount of drugs. Like the Commission's example, he was "simply being paid to perform certain

5

tasks . . . ." Accordingly, the adjustment applies to Mr. Tomala-Ascencio.

The PSR essentially concedes that each of the factors applies to Mr. Tomala-Ascencio. (PSR Addendum) ("[A]ll three defendants can claim that the factors . . . apply to them . . . ."). However, the PSR does not apply the adjustment because "no single participant in this case can claim or prove that he was substantially less culpable than *the other two participants*." (*Id.*) (Emphasis added). In coming to this conclusion, the PSR considers only the charged defendants in the case.

This analysis is legal error. To be considered in the universe of participants against which Mr. Tomala-Ascencio's culpability must be compared, a participant must be only be "identifiable or discernible from the evidence." *Rodriguez De Varon*, 175 F.3d at 944. As will be shown at the sentencing hearing, the following participants are "identifiable or discernible": the recruiters, the planners and "operations officers," the two owners of the drugs, the crews of the various re-fueling vessels, and the crew of the go-fast vessel. This list does not include anyone in a speculative broader conspiracy. It involves

6

participants in *this* conspiracy, the distribution of the very 685 kilograms of cocaine at issue in this case. It does not include unknown members of the broader cartel or drug trade generally, but those participants the evidence reveals were involved in *this* offense, and *this* relevant conduct. Under *Rodriguez De Varon*, the list of participants is not limited to those named in the indictment.

Given this properly understood group of participants, Mr. Tomala-Ascencio had a minor role. He is obviously much less culpable than the owners of the drugs. He is much less culpable than the "operations officers," who planned the trip, provided the route, and provided the re-fueling vessels. He is less culpable than the recruiter, who is closer to the drug trafficking organization. Because each of these "identifiable or discernible" participants is so highly culpable, the go-fast vessel's crew – which is to say the drug mules paid to take the drugs from Point A to Point B – is "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A).

The PSR's reliance on the unpublished case *United States v. Herrera-Villareal*, 665 Fed.Appx. 762 (11th Cir. 2016), is in error. In

that case, the defendant's actual conduct was identical to the relevant conduct attributable to him, and he offered no evidence to show that he was any less culpable than any of the vessel's other crewmembers, the only other participants "identifiable or discernible from the evidence." Here, by contrast, Mr. Tomala-Ascencio will admit evidence of multiple participants outside of the vessel's crew, all of whom are substantially more culpable than him. Because of this, *Herrera-Villareal* is not analogous to this case. Instead, Mr. Tomala-Ascencio and the vessel's three-man crew are substantially less culpable than the average participant in the drug venture, with the "average" being driven far up by the drugs' actual owners and the operations officers in the organization. Accordingly, this Court should apply the minor role adjustment.

B. <u>The nature of the offense and Mr. Tomala-Ascencio's history and characteristics warrant a Guidelines sentence following the minor role adjustments.</u>

This Court should impose a sentence within the range produced by the minor role adjustment and the Government's downward departure motion. To be sure, the nature of this offense and the

quantity of cocaine involved implicate the needs to punish, deter, and incapacitate.  However, those needs are mitigated in this case by Mr. Tomala-Ascencio's circumstances and motivation for committing the offense.  As for punishment, Congress requires this Court to consider "just punishment."  Mr. Tomala-Ascencio turned to the drug trade as a mule after a lifetime of extreme poverty, making him particularly susceptible to the cartel's recruitment.  (PSR ¶ 17).  While his motivations do not excuse his actions, they do lessen the degree of his culpability.

As to deterrence, it takes little punishment to specifically deter Mr. Tomala-Ascencio.  A man with no criminal history at all, at age 32, he will be ripped from his country and his family and confined in an American prison among hardened criminals who do not speak his language for a period of years.  The message to Mr. Tomala-Ascencio will be clearly received, and he is unlikely to climb aboard another rickety Panga boat again to risk further foreign imprisonment.  Because the specific deterrence of Mr. Tomala-Ascencio will be so effective even with a shortened prison sentence, the need to protect society from

9

further crimes committed by him is also diminished in this case. Finally, as to general deterrence, the power of even a long prison sentence to project general deterrence from Tampa, Florida, to the next hapless, impoverished cartel recruit in Ecuador is questionable at best. Mr. Tomala-Ascencio's sentence should not be increased on the unlikely hope that the population of a foreign country will suddenly get the right message. Such sentences are appropriate for cartel kingpins, not insignificant deck hands.

Finally, Mr. Tomala-Ascencio's history and characteristics suggest a man deserving of some measure of mercy for his mistake. He grew up in abject poverty and succumbed to the temptation to try to make life-sustaining money for his family. A sentence of 57-71 months' imprisonment will promote respect for both international norms and this nation's drug laws. This Court should impose such a sentence.

**WHEREFORE** the Defendant, Mr. Tomala-Ascencio, prays this Court will impose a sentence between 57-71 months' imprisonment.

DATED this 30th day of September, 2019.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s Samuel E. Landes*
Samuel E. Landes
D.C. Bar No. 1552625
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Samuel_Landes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

SAUSA Nicholas Derenzo.

*/s Samuel E. Landes*
Samuel E. Landes
Assistant Federal Defender